UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

LAKEISHA CURRY,

       Plaintiff,

vs.

JUSSI GROUP, LLC d/b/a BARYTONO CAFÉ,
a Florida Corporation, MES VENTURES, LLC
d/b/a CAFÉ UNITED, a Florida Corporation,
BAR & TONO, LLC, a Florida Corporation,
JOSE LLANOS, an Individual, and JANNS CASTRO,
an Individual,

       Defendants.

_____/

## **COMPLAINT**

COMES NOW Plaintiff, LAKEISHA CURRY, by and through her undersigned counsel, and sues the Defendants, JUSSI GROUP, LLC d/b/a BARYTONO CAFÉ, MES VENTURES, LLC d/b/a CAFÉ UNITED, BAR & TONO, LLC, JOSE LLANOS, and JANNS CASTRO, (hereinafter, collectively referred to as "Defendants") and allege as follows:

1.      That Plaintiff, a former employee of the Defendants, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq..  The gravamen of this case is that the Plaintiff was retaliated against for pursuing her rights under the FLSA in violation of Federal law.

2.      That jurisdiction is conferred on this Court by 29 U.S.C. § 215(a)(3) ("anti-retaliation provision"), 28 U.S.C §§ 1331 and 1367, and 42 U.S.C. §2000e-5(f)(3).

3.     That the unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4.     That at all times material hereto, Plaintiff was and is presently a resident of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

5.     That at all times material hereto, Defendants were the employers of the Plaintiff, were conducting business in this judicial district, and whether 'employers' or not under the FLSA, are still subject to the anti-retaliation provision of the FLSA.   "The FLSA's prohibition on retaliation is broader than its coverage of minimum wage or overtime wage violations, and applies even if the employee cannot show 'individual coverage' or 'enterprise coverage.'" Obregon v. Jep Family Enterprises, Inc., 710 F. Supp. 2d 1311, 1314 (S.D. Fla. 2010); see Wirtz v. Ross Packaging Co., 367 F.2d 549, 550–51 (5th Cir.1966) (the "unambiguous language of the statute refutes the district court's view that either the employee or her employer must be engaged in activities covered by the [FLSA's] wage and hour provisions in order for the strictures against discriminatory discharge to be invoked.").

6.     That at all times material hereto, Defendant, JOSE LLANOS individually, acted directly in the interests of his employer, the Defendants in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendants.

7.     That at all times material hereto, Defendant, JANNS CASTRO, individually, acted directly in the interests of his employer, the Defendants in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendants.

8.     Plaintiff began working for the Defendants on February 7, 2018 in the kitchen of Defendant's restaurant/bar.

9.     For Plaintiff's first week, she was paid in cash and off the books.

10.     She was told it was only for the first week and once tax issues were resolved, it would be paychecks, however, this never occurred.

11.     When Plaintiff did get paid, it was all straight time with no overtime premium.

12.     This was concerning as Plaintiff was working more then 40 hours per week.

13.     Plaintiff was working up to 50 hours per week on certain weeks, and at $10.00 per hour, should have been receiving $15.00 for all overtime hours.

14.     Plaintiff knew this was illegal, and requested for her overtime to be paid.

15.     In response, Plaintiff was suddenly, and unexplainably terminated.

16.     There is no question that the Defendants retaliated against the Plaintiff for her complaints.

**COUNT I**
**FLSA OVERTIME- JUSSI GROUP, LLC d/b/a BARYTONO CAFÉ**

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 16 above.

17.     Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

18.     By reason of the intentional, willful and unlawful acts of the Defendant, JUSSI GROUP, LLC d/b/a BARYTONO CAFÉ, in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, JUSSI GROUP, LLC d/b/a BARYTONO CAFÉ, for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

<u>COUNT II</u>
<u>FLSA OVERTIME- MES VENTURES, LLC d/b/a CAFÉ UNITED</u>

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 16 above.

19.     Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

20.     By reason of the intentional, willful and unlawful acts of the Defendant, MES VENTURES, LLC d/b/a CAFÉ UNITED, in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, MES VENTURES, LLC d/b/a CAFÉ UNITED, for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

<u>COUNT III</u>
<u>FLSA OVERTIME- BAR & TONO, LLC</u>

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 16 above.

21.     Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

22.     By reason of the intentional, willful and unlawful acts of the Defendant, BAR & TONO, LLC, in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, BAR & TONO, LLC, for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest),

attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT IV
## FLSA–JOSE LLANOS

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 16 of this Complaint.

23.     Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

24.     By reason of the intentional, willful and unlawful acts of the Defendant, JOSE LLANOS in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, JOSE LLANOS for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT V
## FLSA–JANNS CASTRO

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 16 of this Complaint.

25.     Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

26.     By reason of the intentional, willful and unlawful acts of the Defendant, JANNS CASTRO in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, JANNS CASTRO for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT VI
## FLSA RETALIATION- JUSSI GROUP, LLC d/b/a BARYTONO CAFÉ

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 16 of this Complaint.

27. The Defendant, JUSSI GROUP, LLC d/b/a BARYTONO CAFÉ's termination of the Plaintiff was directly in retaliation for her complaints of FLSA violations.

28. The Defendant, JUSSI GROUP, LLC d/b/a BARYTONO CAFÉ denied the Plaintiff continued employment for her lawfully having engaged in statutorily protected activity.

29. The Defendant, JUSSI GROUP, LLC d/b/a BARYTONO CAFÉ's conduct constitutes unlawful retaliation under the FLSA, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful and retaliatory conduct, the Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, LAKEISHA CURRY, demands judgment against the Defendant, JUSSI GROUP, LLC d/b/a BARYTONO CAFÉ, for all damages and relief under the FLSA, including attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT VII
## FLSA RETALIATION- MES VENTURES, LLC d/b/a CAFÉ UNITED

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 16 of this Complaint.

30. The Defendant, MES VENTURES, LLC d/b/a CAFÉ UNITED's termination of the Plaintiff was directly in retaliation for her complaints of FLSA violations.

31. The Defendant, MES VENTURES, LLC d/b/a CAFÉ UNITED denied the Plaintiff continued employment for her lawfully having engaged in statutorily protected activity.

32. The Defendant, MES VENTURES, LLC d/b/a CAFÉ UNITED's conduct constitutes unlawful retaliation under the FLSA, and such actions were willful and malicious and, as a direct and

6

proximate result of the Defendant's unlawful and retaliatory conduct, the Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, LAKEISHA CURRY, demands judgment against the Defendant, MES VENTURES, LLC d/b/a CAFÉ UNITED, for all damages and relief under the FLSA, including attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

<u>**COUNT VIII**</u>
<u>**FLSA RETALIATION- MES VENTURES, LLC d/b/a CAFÉ UNITED**</u>

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 16 of this Complaint.

33.     The Defendant, BAR & TONO, LLC's termination of the Plaintiff was directly in retaliation for her complaints of FLSA violations.

34.     The Defendant, BAR & TONO, LLC denied the Plaintiff continued employment for her lawfully having engaged in statutorily protected activity.

35.     The Defendant, BAR & TONO, LLC's conduct constitutes unlawful retaliation under the FLSA, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful and retaliatory conduct, the Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, LAKEISHA CURRY, demands judgment against the Defendant, BAR & TONO, LLC, for all damages and relief under the FLSA, including attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

<u>**COUNT IX**</u>
<u>**FLSA RETALIATION-JOSE LLANOS**</u>

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 16 of this Complaint.

36.     The Defendant, JOSE LLANOS's termination of the Plaintiff was directly in retaliation for her complaints of FLSA violations.

37.     The Defendant, JOSE LLANOS terminated the Plaintiff for her lawfully having engaged in statutorily protected activity.

38.     The Defendant, JOSE LLANOS's conduct constitutes unlawful retaliation under the FLSA, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful and retaliatory conduct, the Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, LAKEISHA CURRY, demands judgment against the Defendant, JOSE LLANOS, for all damages and relief under the FLSA, including attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT X
## FLSA RETALIATION-JANNS CASTRO

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 16 of this Complaint.

39.     The Defendant, JANNS CASTRO's termination of the Plaintiff was directly in retaliation for her complaints of FLSA violations.

40.     The Defendant, JANNS CASTRO terminated the Plaintiff for her lawfully having engaged in statutorily protected activity.

41.     The Defendant, JANNS CASTRO's conduct constitutes unlawful retaliation under the FLSA, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful and retaliatory conduct, the Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, LAKEISHA CURRY, demands judgment against the Defendant, JANNS CASTRO, for all damages and relief under the FLSA, including attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, LAKEISHA CURRY, demands trial by jury.

Dated: August 15, 2018.       Respectfully submitted,

                                      Law Offices of Levy & Levy, P.A.
                                      1000 Sawgrass Corporate Parkway
                                      Suite 588
                                      Sunrise, Florida  33323
                                      Telephone: (954) 763-5722
                                      Facsimile: (954) 763-5723
                                      Email: chad@levylevylaw.com
                                      Service Email: assistant@levylevylaw.com
                                      *Counsel for Plaintiff*

                                      */s/ Chad Levy*
                                      CHAD E. LEVY, ESQ.
                                      F.B.N.: 0851701
                                      DAVID M. COZAD, ESQ.
                                        F.B.N.: 333920